UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 13 2004

| | | |
|---|---|---|
| JOAN M. HOCHSTEIN, | ) | No. 03-4256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S |
| vs. | ) | MEMORANDUM IN |
| | ) | SUPPORT OF ITS MOTION |
| WELLMARK BLUE CROSS | ) | FOR SUMMARY JUDGMENT |
| AND BLUE SHIELD OF SOUTH | ) | |
| DAKOTA, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant ("Wellmark") submits this Memorandum in support of its Motion for Summary Judgment.

**Undisputed Facts**

Wellmark has submitted its Statement of Undisputed Material Facts and they will not be repeated at length here. Wellmark excludes from coverage under its Benefits Certificate medical and other healthcare services that are considered investigational or experimental. There are tens of thousands of procedures assigned CPT codes by the American Medical Association and a large number more who do not yet have code numbers. With constant changes in the healthcare field, it is logically impossible for a group health plan to name in a benefits certificate all the procedures considered to be investigational or experimental.

Accordingly, Wellmark maintains a procedure whereby those specific procedures are reviewed periodically by a Medical Policy Advisory Committee, consisting of

-1-

doctors in Iowa and South Dakota, who make those determinations. Wellmark's Internet web site then publishes a list of those procedures and the determinations concerning them. That web site is updated periodically.

Plaintiff claims that she had an IDET procedure at Sioux Valley Hospital in October 2002. At that time the IDET procedure was determined to be investigational or experimental (and thus not covered), and that fact was clearly and unmistakably so identified and explained on Wellmark's web site.

## Arguments and Authorities

### 1. Standards for Summary Judgment.

The standard for a motion for summary judgment is well established. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c)). When entertaining a motion for summary judgment, a court must draw all reasonable inferences in favor of the nonmoving party. *See Long v. Cottrill, Inc.*, 265 F.3d 663, 669 (8th Cir. 2001). However, "[w]hile a party moving for summary judgment carries the burden of demonstrating the absence of any genuine issue of material fact, a nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Young v. Warner-Jenkinson Co., Inc.*, 152 F.3d 1018, 1021 (8th Cir. 1998).

Summary judgment is appropriate "where the moving party has demonstrated that there is no genuine issue of material fact such that no reasonable jury could return a

verdict for the non-moving party." *Boener v. Brown & Williamson Tobacco Corp.*, 260 F.3d 837, 841 (8th Cir. 2001). In such cases, "[t]he moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment should not "be viewed as a disfavored procedural shortcut, but rather as an integral part of [our rules] as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Id.* at 327.

### 2. The Benefits Certificate is governed by ERISA.

Plaintiff alleges in her Complaint that she was an employee of Yankton Medical Clinic, P.C. (Complaint ¶1), but does not explicitly allege in her Complaint that Wellmark actually issued a benefit plan or policy. Nevertheless, the exhibits attached to Wellmark's Statement of Undisputed Material Facts shows that it is a group policy/plan provided to Plaintiff by her employee and insured by Wellmark. Accordingly, the Plan under which Plaintiff seeks recovery is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. § 1002(1); *Painter v. Golden Rule Insurance Co.*, 121 F.3d 436 (8th Cir. 1997).

### 3. The IDET procedure is excluded from coverage under the Benefits Certificate and no benefits are available for it.

The Benefits Certificate clearly excludes services, etc. that are deemed investigational or experimental. Medicare regulations contain a similar exclusion. *Svidler v. U.S. Dept. of Health & Human Services*, 2004 WL 2005781 (N.D.Cal. Sept. 8, 2004).

On pages 10 and 11 of the Benefits Certificate, Wellmark clearly states:

> We will interpret the provisions of this certificate and determine the answer to all questions that arise under it. We have the administrative discretion to determine whether you meet our written eligibility requirements or to interpret any other term in this certificate. Our interpretations and determinations are final and conclusive to the extent permitted by law.

This language is sufficient to properly vest discretion in Wellmark to make determinations concerning the "investigational or experimental" standard. *See Leipzig v. AIG Life Insurance Co.*, 362 F.3d 406, 408 (7th Cir. 2004). The deferential standard created by this language applies even when the insurer is both plan administrator and insurer funding the plan. *McGarrah v. Hartford Life Insurance Co.*, 234 F.3d 1026, 1030 (8th Cir. 2000); *Farley v. Arkansas Blue Cross & Blue Shield*, 147 F.3d 774 (8th Cir. 1998).

In this instance, Wellmark used a panel of physicians in South Dakota and Iowa (the Medical Policy Advisory Committee) to review periodically the status of the IDET procedure as to whether it was investigational or experimental. The last such review before Plaintiff's procedure was conducted in late spring 2002. The determination and the sources for it are summarized on Wellmark's web site, which was publicly available to Plaintiff and her providers before she underwent the procedure in October 2002.

Under the deferential standard of analysis, the Eighth Circuit has held:

> This Court will uphold the decision of [the plan administrator] if its decision was "reasonable, i.e. supported by substantial evidence".... Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."... If substantial evidence supports the decision, it should not be disturbed even if a different, reasonable interpretation could have been made.

*McGee v. Reliance Standard Life Insurance Co.*, 360 F.3d 921, 924 (8th Cir. 2004) (citations omitted). Furthermore, no special deference need be given to the opinions of a treating physician. *Id.* It is not per se unreasonable for a plan administrator to reject a reasoned opinion of a treating physician in favor of those of a reviewing physician. *Id.*

Here, however, there is no such conflict to resolve. Plaintiff has not designated any medical doctor, treating physician or otherwise, to testify on the subject of whether IDET is investigational or experimental, even though Wellmark's Answer clearly raises this issue. *See* Answer, ¶8. Accordingly, there is no genuine issue of material fact and, under the deferential standard described above, the published decision of Wellmark's Medical Policy Advisory Committee, as described on its web site prior to October 2002, should be upheld.

## Conclusion

For the reasons above-described, Wellmark respectfully requests that its Motion for Summary Judgment be in all respects granted.

Dated: September 13, 2004

CADWELL SANFORD DEIBERT & GARRY LLP

By _____
Steven W. Sanford
200 E. 10th St., Suite 200, P.O. Box 1157
Sioux Falls, SD 57101-1157
(605) 336-0828
Attorneys for Defendant