FILED
FEB 17 2005

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOAN M. HOCHSTEIN, | \* | CIV 03-4256 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT |
| WELLMARK BLUE CROSS AND BLUE SHIELD OF SOUTH DAKOTA, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This action for payment of medical expenses[1] was removed from state circuit court after Defendant gave notice of removal contending that the action involved a federal question under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et. seq.* Plaintiff never resisted the removal. Defendant has now filed a Motion For Summary Judgment. (Doc. 20). For the reasons stated below, the motion is granted.

## FACTUAL BACKGROUND

Since this matter is before the Court on a motion for summary judgment, the facts will be presented in a light most favorable to the nonmoving party. Plaintiff, Joan Hoschstein, was an employee of Yankton Medical Clinic, P.C. Yankton Medical Clinic provided an employee welfare benefit plan, *i.e.*, a group health insurance policy, to its employees. Defendant, Wellmark Blue Cross and Blue Shield of South Dakota (Wellmark), issued the policy. According to the group insurance policy agreement submitted by Wellmark, the Yankton Medical Clinic, P.C., is the plan administrator of the welfare benefit plan for purposes of ERISA.

In the spring of 2002, Plaintiff injured herself and suffered severe pain in her back and legs. After many unsuccessful conservative treatments of physical therapy, Plaintiff eventually sought treatment from Dr. Bryan Wellman, a licensed physician and Clinical Associate Professor of

---

[1] This Court previously granted Defendant's Motion for Partial Judgment on the Pleadings on Plaintiff's claims for punitive damages and damages for emotional distress. Doc.24.

Neurosurgery. After studying Plaintiff's medical records, which included the results of a diskogram, Dr. Wellman determined that Intradiscal Electrothermal Therapy (IET) was an option for treating Plaintiff. The other option, a disc fusion, was more expensive, highly intrusive, and required more time to heal. Dr. Wellman has opined that IDET, although relatively new, is widely accepted in the medical community as a reasonable and successful treatment.

Plaintiff called the telephone number on the back of her Wellmark insurance card and talked to a Wellmark representative named Sara to verify that the procedure was covered by Plaintiff's policy. After checking with a supervisor, Sara telephoned Plaintiff and advised her that the IDET procedure was covered by Plaintiff's policy and that Plaintiff could proceed with the treatment. Joni Hoffman, an employee of the insurance department of Dr. Wellman's office, also telephoned Wellmark to ascertain that the IDET procedure was pre-authorized for coverage. This employee also spoke with a representative of Wellmark named Sara who advised her that the IDET procedure would be covered under the terms of Plaintiff's policy. Based on the Wellmark representative's assurances, Plaintiff chose the IDET treatment option.

In October of 2002, Dr. Wellman successfully completed the IDET procedure on Plaintiff. Wellmark subsequently contended that the IDET procedure was excluded as investigational and/or experimental and denied claims for the billings from the providers who were involved in treating Plaintiff with the IDET procedure. Wellmark has provided as an exhibit in support of its motion for summary judgment, a hard copy of pages from its website which states as follows: "IDET is considered investigational. All related procedures and materials, e.g., diskography and supplies are also considered non-payable." According to Wellmark's answer to the complaint, Plaintiff has exhausted all administrative procedures required under the benefit plan.

## DISCUSSION

### General Principle of Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to

2

the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations of its pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 257; *City of Mt. Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

I.

## WHETHER IT WAS REASONABLE FOR THE PLAN ADMINISTRATOR TO DENY COVERAGE FOR THE IDET PROCEDURE BASED ON THE DETERMINATION THAT THE PROCEDURE WAS INVESTIGATIONAL OR EXPERIMENTAL?

In Wellmark's Statement of Undisputed Material Facts, Wellmark states, "The Benefits Certificate reserves the right to Wellmark to determine whether a service, procedure, drug or treatment is investigational or experimental, and therefore not covered." Plaintiff did not object to this statement. When an ERISA plan gives discretionary authority to a plan administrator or reviewing committee to determine eligibility for benefits or to construe the terms of an ERISA plan, this Court reviews the decision to deny benefits for an abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Under this standard, this Court must uphold the plan administrator's decision if it was "reasonable" or supported by substantial evidence. *See McGee v. Reliance Standard Life Ins. Co.*, 360 F.3d 921, 924 (8th Cir. 2004). This Court must determine, based only on the evidence that was before the plan administrator at the time the administrator made the decision, whether a "reasonable person could have reached a similar decision, given the evidence before him, not that a reasonable person would have reached that decision." *See Phillips-Foster v.*

3

*UNUM Life Ins. Co. of Am.*, 302 F.3d 785, 795 (8th Cir. 2002).

Section 2 of Plaintiff's Benefits Certificate provides that services or supplies are not covered for investigational or experimental treatment. Plaintiff does not dispute that before she was treated with the IDET procedure, Wellmark had determined and its Internet Website specifically stated that the IDET procedure was considered investigational or experimental.[2] The website states that this policy was based on a "review of the medical literature and recommendations from Wellmark's Medical Policy Advisory Committee (MPAC), a committee of practicing pysicians who advise and assist Wellmark in the development and implementation of medical policies. The committee is comprised of specialty physicians from Iowa and South Dakota." The website also lists numerous studies and journal articles, as well as a survey of the policies of other Blue Cross Blue Shield plans, as the basis for considering the IDET procedure investigational and denying coverage for this service on that basis.

Plaintiff has submitted an affidavit dated October 8, 2004, from Dr. Wellman stating that, although relatively new, IDET is widely accepted in the medical community as a reasonable and successful treatment. However, there is nothing in the record which shows what, if anything, Plaintiff submitted, prior to the denial of payment being final, challenging the determination that the IDET procedure was experimental. Based on the record before the Court, the Court cannot conclude that the decision to deny coverage on the basis that the IDET procedure is investigational or experimental was unreasonable at the time the decision was made.

## II.

## WHETHER WELLMARK SHOULD BE ESTOPPED FROM DENYING COVERAGE FOR THE IDET PROCEDURE BECAUSE IT MISLED PLAINTIFF ABOUT WHETHER THE PROCEDURE WAS COVERED?

Plaintiff contends that there are genuine issues of fact as to whether Wellmark misled Plaintiff on whether the IDET procedure was covered, and that summary judgment should be denied on this basis. Plaintiff cites to *Coonce v. Aetna Life Ins. Co.*, 777 F.Supp. 759 (W.D.Mo.1991), as support for this argument. In *Coonce*, the district court suggested that the Eighth Circuit would be

---

[2] Neither party has addressed how, if at all, Plaintiff was directed to this website. Plaintiff does not dispute that the website supplemented the terms of the health insurance policy.

4

willing to recognize a claim for estoppel in an ERISA case where the employer had expressed a specific intent to be bound by either an oral or written modification of the plan. *Id.* at 770. Plaintiff has failed to direct this Court to any expression to be bound by a modification in the plan in issue.

The Court agrees that there is a question of fact as to whether Plaintiff was misled by an employee of Wellmark. However, even if it were undisputed that the Wellmark employee misled Plaintiff on this critical matter, this fact would not preclude summary judgment from being granted in this case. Oral statements are unenforceable by a beneficiary under ERISA when they amend or supersede contradictory terms in an ERISA plan. *See Eide v. Grey Fox Techical Services Corp.,* 329 F.3d 600, 606 (8th Cir. 2003) (*citing United Paperworkers Int'l Union v. Jefferson Smurfit Corp,* 961 F.2d 13484, 1386 (8th Cir.1992)). A health care provider may bring a negligent misrepresentation claim against the administrator of an employee benefit plan, when the provider is suing as an independent entity, rather than as an assignee of an ERISA beneficiary. *See In Home Health, Inc. v. Prudential Ins. Co.,* 101 F.3d 600 (8th Cir. 1997).[3] Although an employee of the health care provider in this case is contending that the plan administrator also misrepresented the coverage issue to her, the health care provider is not a plaintiff in this action.

The oral statements by the Wellmark employee, as alleged by Plaintiff[4], contradict the

---

[3] The Eight Circuit in *In Home Health, Inc., v. Prudential Ins. Co.,* concluded that to allow the health care provider to proceed on a negligent misrepresentation claim would not negate any plan provision since the provider was not seeking plan benefits. The Eighth Circuit further concluded that such a suit would not impact the structure of a plan, would not affect relations between primary ERISA entities, would not impose additional duties on an administrator, would not require changes in administrative procedures, and would not have a demonstrable impact on an ERISAA plan.101 F.3d at 604-607.

[4] Wellmark contends that the oral statement was not to the effect that the IDET procedure was precertified or covered, but to the effect that the procedure was not required to be precertified.

5

exclusion of benefits provision for investigational or experimental services. Summary judgment will also be granted against Plaintiff on her claim based on estoppel. Accordingly,

    IT IS ORDERED that Defendant's Motion for Summary Judgment (Doc. 20) is GRANTED.

Dated this 17TH day of February, 2005.

BY THE COURT:

_(signature)_
Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _(signature)_
(SEAL)     DEPUTY

6